174 So. 544

**BREW v. STATE.**

**6 Div. 80.**

Court of Appeals of Alabama.

May 11, 1937.

James Esdale, of Birmingham, for appellant.

484

175 So. 322

**LAW v. GULF STATES STEEL CO.**

**7 Div. 194.**

Court of Appeals of Alabama.
April 6, 1937.

Rehearing Denied May 11, 1937.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was for murder in the first degree, and the record as to the filing of the indictment, the summoning of the jury, and the arraignment of the defendant and his pleas of not guilty, were in all things regular. On the trial after hearing the evidence and the charge of the court which embraced all of the degrees of homicide necessary to be given, the jury returned a verdict of guilty of murder in the second degree, from which judgment is this appeal.

The defendant requested the court, in writing, to give to the jury charges A, B, and C. Charge A was the affirmative charge as to murder in the first degree, and by the verdict of the jury is eliminated from consideration here. Charges B and C refer to murder in the second degree and manslaughter in the first degree; raising the two questions presented for review by this record.

The first insistence of appellant is that under the evidence, the jury was not warranted in finding a verdict of guilty for a greater crime than that of manslaughter in the first degree. However, as we read this record the evidence for the State would justify the verdict of the jury as rendered, and while there was some conflict in the evidence, the question was for the jury and was so submitted to them without error.

The principal insistence of appellant is that the corpus delicti was not sufficiently proven, and we are cited to cases which properly state the rule regarding the essential proof necessary to a conviction. With this in mind, we have carefully read this evidence, and we find that there is sufficient testimony from which the jury could conclude that the defendant fired the shot which produced the death of the deceased, at the time and place as testified to by the various witnesses. It would serve no good purpose to enter into a minute analysis of the case, but, we have, en banc, considered the testimony and have reached the conclusion that the verdict is justified by the evidence.

There being no error in the record, the judgment is affirmed.

Affirmed.